Casey, Ch. J.,
delivered the opinion of the Court.
This is a claim for damages and interest on a protested bill of exchange drawn by John B. Weller, United States commissioner to run the boundary line between Mexico and the United States, under the treaty of Guadalupe Hidalgo. It was drawn on the Secretary of the Treasury, at Monterey, California, on the 26th day of September, *167 1S49, payable to the order of Burgoyne & Co., for the sum of ten. thousand dollars. It was presented to the Secretary of the Treasury, and acceptance and payment refused by him, and the draft was protested on the 11th December, 1849.
On the 9th of April, 1850, the holders of the draft received notice from the State Department that it would be paid if presented there. It was presented, and the original sum of ten thousand dollars was paid and received by the holders, and the draft delivered up to the United States. This suit is to recover damages for non-acceptance and payment, and for interest from December 11, 1849, to April 9, 1850. ■
This case was heard and decided some years since under the old organization of this court. Judge Loring then delivered the opinion of the court adverse to the right of the plaintiffs to recover. A rehearing was asked for and granted. Many questions of great difficulty and importance have been raised and discussed with much ability on both sides ; but we are relieved from entering upon their consideration, for we are all satisfied that the grounds upon which Judge Loring based his opinion have not been shaken in the least by the new facts and arguments presented.
Mr. Weller was appointed under the provisions of the treaty of Gaudalupe Hidalgo with Mexico. There was no statute authorizing his appointment; but there was an appropriation of fifty thousand dollars to defray the expenses of running and marking the boundary line as provided for in the treaty. The matter in which he was employed had direct reference to our foreign relations and to the execution of treaty stipulations. It therefore appropriately and exclusively belonged to the State Department, under the orders and directions of the President. From this department he received his instructions, and to the President, through it, he was amenable for the manner in which he executed his commission, aud for the disbursement of the fund provided for that purpose. And it would have been irregular and illegal for him to receive his salary or expenses in any other way than upon the requisition and through the head of that department. The instructions, copied in Judge Loring’s opinion, show that Mr. Weller’s instructions were clear and distinct to draw upon the State Department for the funds which he needed in the prosecution of the work. Instead of this he drew upon the Secretary of the Treasury. By what right? By no right whatever. Hg was an agent with limited powers and clear, definite instructions. Every person dealing with him was *168 bound to inquire into his right to bind the United States. And they were bound to know, too, that he could only do so in the mode and manner authorized. It would produce endless confusion and work great mischief if the employes and agents under the different departments could transfer their accounts and responsibility from one to the other at pleasure. It would be very strange if they could do so without authority, and still stranger if they could do the same thing against the express orders of their official superiors.
Mr. Samuel E. Lyon for the claimant.
Mr. Bingham', United States Solicitor, and Mr. Weed, Assistant Solicitor, for the government.
Mr, Weller was not only not authorized to draw his drafts upon the Secretary of the Treasury, but he was actually forbidden to do so. And it is evident that either Burgoyne & Co. did not call for his authority to draw the draft in question, or, having seen it, disregarded its plain meaning and purport. In either event, they have' no cause to complain.
None of the other drafts drawn on the Secretary of the Treasury, ■ given in evidence, were in favor of Burgoyne & Co., nor is it shown that they knew or even had heard of them at the time this draft was given them. We find nothing in the case to justify a judgment for the claimant.
Judgment for .the defendants.